UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOHN HANCOCK LIFE & HEALTH INSURANCE COMPANY,

Plaintiff,

v.

CARING CONNECTIONS LLC, ARTHUR FELDHEIM, and BLIME a/k/a VERA FELDHEIM,

Defendants.

Civ. No. 25-7574 (MAS)(JBD)

**MEMORANDUM ORDER**

Before the Court is plaintiff John Hancock Life & Health Insurance Company's motion for leave to file an amended complaint. [Dkt. 37.] Defendants Arthur and Blime Feldheim oppose the motion; defendant Caring Connections LLC did not file an opposition. The Court has carefully considered the proposed amended complaint, the parties' motion papers, and applicable law. For the reasons set forth below, John Hancock's motion for leave to file an amended complaint is granted.

*

The Court assumes the parties' familiarity with the case and sets forth only the background necessary to resolve the present motion. On June 5, 2025, John Hancock filed a 13-count complaint against defendants asserting, among other claims, common law fraud, breach of contract, and aiding and abetting fraud. [Dkt. 1.] Caring Connections and the Feldheims filed motions to dismiss the complaint in August 2025. [Dkts. 19, 22.]

On March 26, 2026, this Court entered an order granting Caring Connections' motion to dismiss and granting in part and denying in part the Feldheims' motion to dismiss. [Dkt. 33.] The Court's accompanying memorandum opinion explained, among other things, that John Hancock had adequately stated a breach of contract claim against the Feldheims; that it had failed to plead its fraud claims with sufficient particularity under Rule 9(b); that its quasi-contract claims were barred as mirror images of an enforceable contract; and its other tort claims were barred under the economic loss doctrine. [Dkt. 32] at 6-15. As a result of the opinion and order, only John Hancock's breach of contract claim against the Feldheims survived. The Court dismissed the other claims without prejudice, however, and permitted John Hancock to file a motion for leave to amend the complaint no later than June 12, 2026. [Dkt. 36.] John Hancock timely filed its motion to amend. [Dkt. 37.]

The proposed amended complaint asserts five causes of action: common law fraud against the Feldheims (Count I); breach of contract against the Feldheims (Count II) (the claim that survived defendants' motion to dismiss the original complaint); common law fraud against Caring Connections (Count III); aiding and abetting fraud against Caring Connections (Count IV); and violation of the New Jersey Insurance Fraud Prevention Act, N.J.S.A. 17:33A-1 *et seq.* ("NJIFPA"), against all defendants (Count V). The proposed amended complaint also includes new factual allegations that seek to remedy the pleading deficiencies that the Court identified in its March 26 opinion and order.

The Feldheims oppose the motion to amend only with respect to proposed Counts I and V and only on futility grounds. [Dkt. 42.] As to Count I, they argue that the common law fraud claim is barred by the economic loss doctrine, is duplicative of the surviving breach of contract claim, and fails to satisfy the pleading requirements of Federal Rule of Civil Procedure 9(b). *Id.* at 4-9. As to Count V, the Feldheims argue that the claim likewise does not satisfy Rule 9(b)'s heightened pleading requirements, that it is barred by the applicable statute of limitations, and that New York law, not New Jersey law, applies to the alleged fraudulent conduct, so the NJIFPA is inapplicable. *Id.* at 10-13. More broadly, the Feldheims argue that John Hancock has had ample opportunity to plead its claims because it has had access to all the relevant documents for years before filing its complaint but nonetheless chose to wait until June 2025 to commence this action. *Id.* at 13-14. Caring Connections did not file an opposition to the motion.

*

Federal Rule of Civil Procedure 15(a)(2) permits a party to amend a pleading with the opposing party's written consent or with the Court's leave. Fed. R. Civ. P. 15(a)(2). The rule requires the Court to give leave to amend freely when justice so requires, and courts have "consistently adopted a liberal approach to the allowance of amendments." *DLJ Mortg. Cap., Inc. v. Sheridan*, 975 F.3d 358, 369 (3d Cir. 2020). This liberal standard reflects a preference "that claims will be decided on the merits rather than on technicalities." *Arista Recs., Inc. v. Flea World, Inc.*, 356 F. Supp. 2d 411, 419 (D.N.J. 2005). Nevertheless, courts may reject

a motion to amend when the amendment (i) would cause undue delay, (ii) arises from bad faith or dilatory motive on the part of the movant, (iii) arises from repeated failure to cure deficiencies by amendments previously allowed, (iv) would cause undue prejudice to the non-moving party, or (v) is futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2003).

Where a proposed amendment is opposed on futility grounds, the Court must determine whether the amendment "would fail to state a claim upon which relief could be granted" by applying "the same standard of legal sufficiency as applies under [a] Rule 12(b)(6)" motion to dismiss. *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997), *abrogated on other grounds*, *In re Ocugen, Inc. Secs. Litig.*, __ F.4th __ (3d. Cir. 2026); *accord Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Under this standard, the question is not whether the movant will ultimately prevail on the claim but whether the complaint sets forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Importantly, however, although Rule 15 futility analysis tracks Rule 12(b)(6), it does not contemplate full-blown motion practice on the merits of the claims. As it has been described:

> If a proposed amendment is not clearly futile, then denial of leave to amend is improper. This does not require the parties to engage in the equivalent of substantive motion practice upon the proposed new claim or defense; [it] does require, however, that the newly asserted [claim] appear[s] to be sufficiently well-grounded in fact or law [such] that it is not a frivolous pursuit.

*Harrison Beverage Co. v. Dribeck Imps., Inc.*, 133 F.R.D. 463, 468-69 (D.N.J. 1990) (internal quotation marks and citation omitted); *accord* 6 Wright & Miller's Federal Practice & Procedure § 1487 (3d ed. 2026). Effectively, this means that the proposed amendment must be "frivolous or advance[] a claim or defense that is legally insufficient on its face." *Marlowe Pat. Holdings LLC v. Dice Elecs., LLC*, 293 F.R.D. 688, 695 (D.N.J. 2013) (quoting *Harrison Beverage*, 133 F.R.D. at 468).

*

The Feldheims ask the Court to deny John Hancock's motion to amend solely on futility grounds. They argue that plaintiff's proposed Counts I and V fail as a matter of law under governing legal authority and that the proposed claims again fail to plead facts with particularity pursuant to Rule 9(b).

Consistent with the liberal Rule 15 standard, the Feldheims' arguments, in this posture at least, are unpersuasive. The Court takes specific note of the Feldheims' core arguments that proposed Counts I and V are futile: (i) the factual allegations in support of the claims continue to fail Rule 9(b)'s particularity requirement; (ii) the claims are barred by the economic loss doctrine; and (iii) the NJIFPA claim is both untimely and inapplicable because New York law applies. *See* [Dkt. 42] at 4-13. These arguments are not insubstantial, but neither are they clearly correct. Having reviewed the proposed amended complaint in light of the applicable legal standard, the Court finds the additional factual allegations in support of John Hancock's fraud claims sufficiently detailed to warrant leave to amend. Likewise, the Feldheims' legal arguments regarding the economic loss

doctrine and the NJIFPA claim require nuanced legal analysis better suited for a motion to dismiss pursuant to Rule 12(b)(6). *See, e.g.*, *Elfar v. Twp. of Holmdel*, Civ. No. 22-5367 (JBD), 2023 WL 4764776, at *2-4 (D.N.J. July 26, 2023) (permitting amendment and deferring futility challenge to anticipated motion to dismiss under Rule 12(b)(6)).

On the whole, the proposed amended complaint "appear[s] to be sufficiently well-grounded in fact or law [such] that it is not a frivolous pursuit." *Harrison Beverage*, 133 F.R.D. at 469. The Court therefore concludes that John Hancock passes Rule 15(a)'s liberal test; accordingly, plaintiff will be permitted leave to file its proposed amended complaint. The Court emphasizes that in granting the motion to amend, it is not conducting a full-blown analysis under Rules 9(b) and 12(b)(6) at this time, and that defendants retain full ability to challenge the adequacy of the factual allegations and the legal sufficiency of the claims in the proposed amended complaint. That is, the Court will apply the Rule 9(b) and 12(b)(6) standards if, as seems apparent, defendants renew their motions to dismiss in response to the amended complaint. *See Chubb INA Holdings Inc. v. Chang*, Civ. No. 16-2354 (BRM), 2016 WL 6841075, at *6 (D.N.J. Nov. 21, 2016) (explaining that, where defendants' arguments in opposition to a motion to amend overlap significantly with arguments made in support of a motion to dismiss, "[i]n the interests of judicial economy and in the absence of undue prejudice, the Court may decline to engage in a detailed futility analysis where the Court finds that these

arguments are better suited for consideration in the context of a motion to dismiss").

*

For the foregoing reasons, John Hancock's motion for leave to file an amended complaint is GRANTED. John Hancock shall file its amended complaint on or before **November 10, 2026**, and defendants shall answer, move, or otherwise respond to the amended complaint in the normal course.

The parties separately are directed to meet and confer regarding discovery. The Court will hold a Rule 16 initial scheduling conference on **January 5, 2027 at 3:00 p.m.**; a separate order regarding that conference will issue in due course.[1]

**IT IS SO ORDERED** this 6th day of November, 2026.

J. BRENDAN DAY
UNITED STATES MAGISTRATE JUDGE

---

[1] Discovery shall proceed on all claims asserted in the forthcoming amended complaint even if defendants renew their motions to dismiss.